UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL OSAK,

    Plaintiff(s),

v.

ROSEVILLE POLICE OFFICER JUDSON
badge no. 245, and THE CITY OF
ROSEVILE, jointly and severally,

    Defendant(s).
                                                     /

Case No. 2:07-cv-15402

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING SUMMARY JUDGMENT**

This is a civil rights action brought under 42 U.S.C. § 1983. The plaintiff, James Osak, claims that the defendant, Officer Gordon Judson, used excessive force by handcuffing him too tightly in the course of placing Osak under arrest for failing to produce a drivers' licence after Osak had called the police department to report a minor collision involving his postal truck. Currently before the Court is Officer Judson's motion for summary judgment. In his motion, Officer Judson argues that summary judgment is appropriate both because the facts do not support a claim of excessive force and on the grounds of qualified immunity. The Court concluded that the plaintiff has met his burden of demonstrating a material issue of fact regarding both a constitutional violation and the non-applicability of qualified immunity and will therefore deny the defendant's motion for summary judgment.[1]

---

[1] Osak's complaint initially alleged claims against the City of Roseville as well as Officer Judson, and defendants' brief spends some time arguing why summary judgment is appropriate against the City. These arguments have been mooted by a stipulated order entered by the Court on March 6, 2009 dismissing all claims against the City.

## FACTS

On April 19, 2005, the plaintiff, James Osak, a postal worker, was delivering mail in a United States Postal truck when he was involved in a minor collision with another vehicle. Osak reported the accident to his employer and to the police, and defendant Officer Judson was dispatched to the scene.

Upon arrival, Judson asked Osak for his license and registration. Osak could not produce the license, telling Judson that he had left it, with all his identification, in his car parked at the Roseville Post Office, and did not produce a registration because the postal truck was not required to be registered as a federal vehicle. Osak was placed in the backseat of the patrol car without being handcuffed and without being told he was under arrest while Officer Judson checked into the license and registration issue. Later, Officer Judson opened the rear door of the patrol car, ordered Osak to put his hands out, informed him he was under arrest and handcuffed him. Officer Judson and Osak's supervisor Helmuth both testified that Osak was verbally abusive and belligerent, but did not testify that he was physically uncooperative. Osak testified that Judson "cuffed me hard" and that it was hurting. Officer Judson then went to talk with three of Osak's supervisors that had come to the scene.

When Officer Judson went back into the vehicle after talking to two other witnesses (Jeffrey Helmuth, the Post Master, and two of plaintiff's other supervisors), Osak told Judson that the handcuffs were too tight and that they were hurting him. Osak dep. p. 33. In response, Officer Judson told Osak to stop moving around, to which Osak replied that he was not moving around. Osak dep. p. 34. When the postmaster came to the car several minutes later, Osak complained a second time that the cuffs were too tight, Officer Judson loosened the cuff on the right hand but did not loosen the cuff on the left hand.

2

Osak dep. p. 34. Osak testified that he didn't say much because Officer Judson "didn't look happy," but "believe[d that he] might have said when we pulled up into the police station that [the handcuffs] were too tight." Osak dep. p. 35.

At the police station, Osak was first placed in a room while still handcuffed, but was uncuffed by Officer Judson during the booking process. Osak dep. p. 41-43. Osak testified that he told Judson that "his left wrist was injured" when he was asked about any injuries during the booking process, but that Judson did not write that down in the report. Osak dep. p. 44.

Shortly after being released, Osak went to the emergency room at the Michigan Orthopedic Specialty Hospital where he was seen by Dr. Christopher Canfield. Dr. Canfield's report notes that Osak "has some abrasions" on his wrists, but noted that Osak had "normal sensation in the median, radial and ulnar nerve distributions bilaterally" and "normal motor functions bilaterally." Summary Judgment Mot. Ex. G - Michigan Orthopedic Specialty Hospital Records. Osak testified that he received an oral diagnosis of traumatic wrist injury from Dr. Canfield. Osak dep. p. 49.

Ten days later Osak visited Lewerenz Medical Center to be treated by Dr. Lewerenz for his wrists. Osak continued to visit Dr. Lewerenz throughout 2006 and 2007 and he was diagnosed with senory carpal tunnel syndrome in the left wrist with tendonosis in 2007. Response, Exh. Plaintiff's various medical records.

## ANALYSIS

Officer Judson argues that he is entitled to summary judgment because, he argues, the undisputed evidence shows that no constitutional violation occurred. Alternatively, Officer Judson argues that even if there was a constitutional violation he is entitled to qualified immunity.

3

Once qualified immunity is invoked, the burden rests on the plaintiff to show that qualified immunity does not apply. *Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006). In order to determine whether qualified immunity shields a law enforcement officer from civil liability, the Court ordinarily employs a two step analysis. First, the Court should determine whether, when considered in the light most favorable to the plaintiff, the evidence in the record shows that a constitutional violation has occurred, and second, the Court should consider whether the right violated was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *but see Pearson v. Callahan*, ___ U.S. ___. 129 S. Ct. 808, 818 (2009) (*Saucier* two-step process not mandatory in all cases).

Officers are entitled to handcuff arrestees, and the Sixth Circuit has made clear that simply handcuffing an arrestee in the course of an otherwise lawful arrest does not constitute excessive force. *Neague v. Cynar*, 258 F.3d 504, 508 (6th Cir. 2001). The arrest here was a lawful one and therefore no constitutional claim can arise merely from the fact that Mr. Osak was handcuffed. On the other hand, it is clearly established that too-tight handcuffing can constitute excessive force. *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005); *Burchett v. Kiefer*, 310 F.3d 937, 944-45 (6th Cir. 2002). In order to reach the jury on a claim of excessive force due to tight handcuffing, a plaintiff "must allege some physical injury from the handcuffing and must show that officers ignored plaintiff's complaint that the handcuffs were too tight." *Lyons,* 417 F.3d at 575 (internal citations omitted). The Sixth Circuit has held that no constitutional violation occurs when the arrestee does not inform the officer that the handcuffs are too tight, *Lyons*, 417 F.3d at 575, or where the officer removes the handcuffs immediately after the arrestee complains. *Burchett*, 310 F.3d at 944-45; *Vance v. Wade*, 546 F.3d 774, 783 (6th Cir. 2008) (no constitutional violation where handcuffs removed as soon as defendant officer became aware of arrestee's

4

complaints). Whether the suspect resisted arrest is also relevant to the question of whether the force used was excessive. *Wyson v. City of Heath*, 260 Fed. Appx. 848, 855 (6th Cir. 2008).

In *Meadows v. Thomas*, 117 Fed. Appx. 397, 404 (6th Cir. 2004), the court affirmed summary judgment for the defendant where the officers checked the handcuffs and replaced them when the arrestee complained they were too tight initially. When the handcuffs subsequently retightened when the arrestee strained against them in the back of the patrol car, the court held there was no excessive force on the part of the officers because they had not applied the handcuffs too tightly, but rather the handcuffs tightened because of the actions of the arrestee.

While it is a close call, it appears here that Osak has met his burden of showing facts sufficient to go to the jury on the question of whether Officer Judson used excessive force in handcuffing him. Osak testified that the handcuffs were put on forcefully and that they hurt his wrists from the beginning. He also testified that Officer Judson ignored his initial complaints about the handcuffs being too tight for at least several minutes, and that Officer Judson only loosened one of the cuffs when asked a second time. Finally, Mr. Osak also testified that he was injured by the excessively tight handcuffs. This is enough to create a jury question as to whether Officer Judson used excessive force in handcuffing.

Officer Judson's arguments to the contrary, there is no authority for the proposition that the plaintiff must offer expert testimony to show that he was injured by the handcuffs. Furthermore, the cases in this circuit provide that a plaintiff does not need to show substantial injuries to get to the jury on an unlawful force case. In *Ingram v. City of Columbus*, 185 F.3d 579, 597 (6th Cir. 1999), the Court held that a plaintiff may allege excessive force against an officer even where the physical contact between the parties did

5

not leave excessive marks or cause extensive physical damage. *See also Holmes v. City of Massilon*, 78 F.3d 1041, 1048 (6th Cir. 1996) (holding forceful removal of wedding ring could support claim of unlawful force even absent record of broken bones or large medical bills).

Finally, Officer Judson's arguments that the testimony of Osak's physicians should be excluded are also without merit. A plaintiff need not file an expert report before a treating physician may testify. Rule 26(a)(2) requires the parties to file a written report only when the witness "is one retained or specially employed to provide expert testimony in the case...." Fed. R. Civ. P. 26(a)(2)(B). See *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 868 (6th Cir. 2007) (treating physician may testify on issue of causation without filing expert report). While the defendant suggests that the plaintiff's testimony be excluded under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), he simply cites the case for that proposition, and offers no actual arguments why that case requires exclusion here. Furthermore, exclusion of the evidence from the plaintiffs treating physician would just go to limiting the amount of damages rather than barring him from recovery. As discussed above, Osak's testimony alone is sufficient to create a jury question as to whether he was injured by the alleged excessively forceful handcuffing.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that defendant's motion for summary judgment is **DENIED**.

s/Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 25, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2009, by electronic and/or ordinary mail.

                                                <u>Alissa Greer</u>
                                                Case Manager

2:07-cv-15402-SJM-PJK Doc # 35 Filed 06/25/09 Pg 7 of 7 Pg ID 334